| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x
JOSEPH GRAJALES,

                      Petitioner,            MEMORANDUM AND ORDER

      -against-                          08-CV-788 (JG)

WILLIAM BROWN,

                      Respondent.
-----------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Joseph Grajales moves under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) to vacate a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Grajales v. Brown*, No. 08-CV-788 (JG), 2008 WL 2313137 (E.D.N.Y. June 2, 2008). I assume familiarity with that decision, on which judgment was entered on June 11, 2008. I rejected Grajales's first claim because I found not unreasonable the state court's determination that his federal constitutional rights were not violated by the prosecution's alleged failure to comply with N.Y. Crim. Proc. Law § 710.30. That statute requires the prosecution to notify a defendant of any testimony that it will offer at trial regarding previous identifications of him. I rejected Grajales's second claim, that he was stopped without reasonable suspicion in violation of the Fourth Amendment, because it was procedurally barred. The United States Court of Appeals for the Second Circuit denied Grajales's application for a certificate of appealability and dismissed the appeal on December 9, 2008. *See* Docket Entry 14.

        Grajales claims that the proceedings before me were flawed because I failed to appoint counsel to represent him, in violation of Rule 8(c) of the Rules Governing Section 2254 Cases. The motion is denied because it misapprehends the nature of the proceedings that occurred in deciding Grajales's petition. He was not entitled to counsel. Grajales also claims

that I wrongly denied his habeas petition because the state court's determination that his federal constitutional rights were not violated by any failure to comply with N.Y. Crim. Proc. Law § 710.30 was unreasonable. Because a Rule 60(b) motion is not the proper vehicle for attacking a denial of a habeas petition as erroneous, I treat this part of the motion as a motion for reconsideration and find it without merit.

## DISCUSSION

A. *The Claimed Violation of Rule 8(c) of the Rules Governing Section 2254 Cases*

Habeas petitioners are not entitled to appointed counsel to assist them in their collateral attacks on their state court convictions, and I do not routinely appoint counsel for them. Whether or not counsel is appointed, I hold oral argument on every petition. *See Bailey v. Ercole*, No. 06-CV-2129 (JG), 2007 WL 4565034, at *1 (E.D.N.Y. Dec. 21, 2007) (explaining my practices in § 2254 cases). When a *pro se* petitioner is incarcerated, the oral argument occurs by telephone or videoconference. If, as occasionally happens, the oral argument persuades me that an evidentiary hearing is necessary, I appoint counsel to represent the petitioner and the petitioner is brought to the courthouse for the hearing. *See* Rule 8(c) of the Rules Governing Section 2254 Cases (requiring the appointment of counsel to represent indigent habeas petitioners at evidentiary hearings).

The proceeding before me on May 16, 2008, in which Grajales participated by videoconference, was an oral argument, not an evidentiary hearing. As Grajales concedes in his motion, I explained to him before the conference began that it was not an evidentiary hearing, and that if I decided that such a hearing was warranted, I would appoint him counsel. No testimony or other evidence was admitted at the conference; its only purpose was to give Grajales and the respondent an opportunity to address me orally in support of or opposition to the

petition. Because the appointment of counsel is not required in those circumstances, Grajales's motion for relief from the judgment on that ground is denied.

B.  *The Challenge to the Denial of Grajales's Habeas Petition*

Grajales moves under Rule 60(b) for relief from my denial of his habeas petition, arguing that I erred in finding not unreasonable the state court's rejection of his claim that his federal constitutional rights were violated by the prosecution's alleged failure to comply with N.Y. Crim. Proc. Law § 710.30. A Rule 60(b) motion, however, properly challenges the integrity of the procedure that led to the denial of a habeas petition, not the integrity of an underlying conviction. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) ("[A] Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."). As a basis for relief from judgment, therefore, I reject this claim. Even construing it as a motion for reconsideration, I find no reason to alter my earlier denial of this claim on the merits.

## CONCLUSION

The motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 10, 2009
      Brooklyn, New York